UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY GILREATH, | : | Case No. 1:09-cv-628 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| PLUMBERS, PIPEFITTERS, & | : | |
| SERVICE TECHNICIANS LOCAL | : | |
| 502, *et al.* | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S *PRO SE* MOTION FOR A TEMPORARY RESTRAINING ORDER (Doc. 2) BE DENIED

This case is presently before the Court on plaintiff's *pro se* motion for a temporary restraining order restraining "Defendant(s), from (i) the destruction of or loss, and to preserve any notes, correspondence, records, electronic communications, or other forms of documentations (sic), as it pertains to Gilreath; (ii) any falsification of records already in existence, and (iii) an immediate halt to any and all disciplinary hearings now scheduled against Gilreath by the Plumbers, Pipefitters & Service Technicians Local 502." (Doc. 2).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

# I. BACKGROUND AND FACTS

Plaintiff, Gregory Gilreath, brings this *pro se* action under state and federal law for incidents arising from his former employment with Defendant, Bechtel Construction Corporation (BCC), and out of his membership with Defendant, Plumber, Pipefitters & Services Technicians Local 502 (the Union). The facts alleged in Gilreath's complaint are summarized as follows:

Plaintiff, Gregory Gilreath, is a former employee of BCC and a member of the Union. According to the complaint, Gilreath learned about misdeeds engaged in by employees of BCC and the Union. (Doc. 2 at ¶¶ 7, 8, 50). As a result, he filed charges against BCC and the Union with the National Labor Relations Board (NLRB), on January 3, 2009. (*Id.* at ¶ 10). Ultimately, these charges were resolved by means of a settlement brokered by a representative of the NLRB. (*Id.* at ¶ 11-15). Following the settlement, however, Gilreath claims that BCC and the Union resumed their allegedly unlawful practices. (*Id.* at ¶ 17). In addition, in April, 2009, Gilreath was asked to pay more than $700.00 in dues to the Union as a result of his settlement with BCC. (*Id.* at ¶ 18). Gilreath disputed this amount, accused BCC of violating the confidentiality provision of the settlement agreement, and alleged that the Union violated its fiduciary duties to him.

In the summer of 2009, Gilreath's relationship with the Union worsened. After suffering a physical injury, he contacted and visited Defendant, Wilson McShane Corporation (WMC), the third party administrator for the Union's health insurance and pension funds, to discuss his disability benefits. (*Id.* at ¶¶ 3, 20, 23, 24). Following this

visit, Gilreath went next door to the Union office and allegedly became involved in a violent confrontation with some of the Union members. (*Id.* at ¶ 25-28). Due to this incident, Gilreath alleges that he was not permitted to pay his Union dues, was barred from returning to the Union hall, and that formal charges were brought against him for alleged violations of the Union's policies. He, therefore, filed another set of charges against the Union with the NLRB, alleging that he was unfairly prevented from obtaining evidence to prepare his defense against the internal charges initiated by the Union. (*Id.* at ¶¶ 33, 46-47, 49, 50, 53-54).

As a result of these events, Gilreath filed this civil action seeking monetary damages and injunctive relief. He has asserted causes of action against the Union and BCC for breach of contract, the violation of 29 U.S.C. § 185, assault, defamation, and discrimination. In addition, Gilreath asserts a claim for an alleged violation of the confidentiality agreement against BCC. (*Id.* at ¶ 86-88). Finally, Gilreath has asserted a claim for alleged breach of fiduciary duties against the Union, BCC, and the NLRB. (*Id.* at ¶ 103-106).

## II. STANDARD OF REVIEW

Preliminary injunctive relief is an extraordinary remedy which should be granted only if the movant caries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)).

In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc)). These factors are not prerequisites, but are factors that are to be balanced against each other. *Id.* (citations omitted). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Id.*

Furthermore, Rule 65(b) of the Federal Rules of Civil Procedure states that "[a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if ... it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result...." Fed R. Civ. P. 65(b)

## III. ANALYSIS

Plaintiff's motion seeks an Order "enjoining the Defendant from the destruction of, and preservation for any and all records so imaginable which may involve Gilreath. Further, to hold in abeyance, ANY disciplinary hearings against Gilreath." (Doc. 2 , p. 2).

In the instant case, however, Plaintiff has failed to meet the requirements set forth for temporary injunctive relief. He has not shown a strong likelihood that he would prevail on his claims, nor has he alleged any specific facts to show that immediate and irreparable injury, loss, or damage will result to him if the injunction is not issued.

Plaintiff asserts that he is likely to succeed on the merits of this case, "given that BCC and Local 502 have a history of NLRB settlements with Gilreath." (Doc. 2, p. 4.) He provides no other evidence and/or argument in support of his assertion that he is likely to succeed on the merits of this case. Such conclusory statements are insufficient to warrant injunctive relief.[2]

Furthermore, Plaintiff has not shown that he would suffer irreparable injury. Plaintiff must show that the injury he will suffer is likely and imminent, not remote or speculative, and that such injury is not capable of being fully remedied by money damages. *See Reuters Ltd. v. United Press Int'l, Inc.,* 903 F.2d 904, 907 (2d Cir. 1990). As a general rule, a movant has not established irreparable harm where damages would

---

[2] Moreover, to the extent the TRO Motion seeks relief against the NLRB, the NLRB asserts that it is redundant of existing federal law that prohibits such conduct by a federal agency. *See* 44 U.S.C. §§ 3101, *et. seq.* (Federal Records Act).

adequately compensate the movant for the asserted harm.  *Performance Unlimited, Inc. v. Questar Publishers, Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995).  Plaintiff seeks compensatory damages in excess of $75,000, and punitive damages in excess of one million dollars.  (Doc. 2, p. 15, 16).  Plaintiff does not maintain that such an award, if made, would be inadequate to compensate him.

In addition to a failure of showing that Plaintiff would suffer substantial harm if preliminary relief were granted, there also has been no showing that the public interest would be served.

On consideration of the relevant factors, the undersigned cocludes that Plaintiff's motion lacks merit and is not well-taken.  It is therefore **RECOMMENDED** that Plaintiff's motion (Doc. 2) be **DENIED**.


Date:   February 1, 2010　　　　　　　　　　　　　　　s/Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY GILREATH, | : | Case No. 1:09-cv-628 |
| | : | |
| Plaintiff, | : | Beckwith, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| PLUMBERS, PIPEFITTERS, & | : | |
| SERVICE TECHNICIANS LOCAL | : | |
| 502, *et al.* | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).