## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY GILREATH,
      Plaintiff,

      vs

PLUMBERS, PIPEFITTERS, &
SERVICE TECHNICIANS LOCAL
502, et al.,
      Defendants.

Case No. 1:09-cv-628

Beckwith, J.
Hogan, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Gregory Gilreath brings this pro se action against defendants Bechtel Construction Company (BCC), Plumber, Pipefitters & Services Technicians Local 502 (the Union), Wilson McShane Corporation (WMC), and the National Labor Relations Board (NLRB) alleging state and federal law claims based on incidents arising from plaintiff's former employment with Bechtel Construction Company and his membership in the Union. This matter is before the Court on defendant Wilson-McShane Corporation's motion for judgment on the pleadings (Doc. 25), plaintiff's motion for leave to amend pleadings, supplement the pleadings, and add a party to the pleadings (Doc. 27), plaintiff's response to defendant WMC's motion for judgment on the pleadings (Doc. 29), defendant WMC's joint reply in support of its motion for judgment on the pleadings and memorandum in opposition to plaintiff's motion for leave to amend and supplement (Doc. 35), and plaintiff's response to WMC's reply and memorandum in opposition. (Doc. 50).

Plaintiff's complaint[1] alleges the following:  Plaintiff, Gregory Gilreath, is a former

_____

[1]The allegations of the complaint are taken verbatim from the Report and Recommendation of February 1, 2010. (Doc. 41).

employee of BCC and a member of the Union. According to the complaint, Gilreath learned

about misdeeds engaged in by employees of BCC and the Union. (Doc. 2 at ¶¶ 7, 8, 50). As a

result, he filed charges against BCC and the Union with the National Labor Relations Board

(NLRB), on January 3, 2009. (*Id.* at ¶ 10). Ultimately, these charges were resolved by means

of a settlement brokered by a representative of the NLRB. (*Id.* at ¶ 11-15). Following the

settlement, however, Gilreath claims that BCC and the Union resumed their allegedly unlawful

practices. (*Id.* at ¶ 17). In addition, in April, 2009, Gilreath was asked to pay more than

$700.00 in dues to the Union as a result of his settlement with BCC. (*Id.* at ¶ 18). Gilreath

disputed this amount, accused BCC of violating the confidentiality provision of the settlement

agreement, and alleged that the Union violated its fiduciary duties to him.

In the summer of 2009, Gilreath's relationship with the Union worsened. After

suffering a physical injury, he contacted and visited Defendant, Wilson McShane Corporation

(WMC), the third party administrator for the Union's health insurance and pension funds, to

discuss his disability benefits. (*Id.* at ¶¶ 3, 20, 23, 24). Following this visit, Gilreath went next

door to the Union office and allegedly became involved in a violent confrontation with some of

the Union members. (*Id.* at ¶ 25-28). Due to this incident, Gilreath alleges that he was not

permitted to pay his Union dues, was barred from returning to the Union hall, and that formal

charges were brought against him for alleged violations of the Union's policies. He, therefore,

filed another set of charges against the Union with the NLRB, alleging that he was unfairly

prevented from obtaining evidence to prepare his defense against the internal charges initiated

by the Union. (*Id.* at ¶¶ 33, 46-47, 49, 50, 53-54).

As a result of these events, Gilreath filed this civil action seeking monetary damages

and injunctive relief.  He has asserted causes of action against the Union and BCC for breach of

contract, a violation of 29 U.S.C. § 185, assault, defamation, and discrimination.  In addition,

Gilreath asserts a claim for an alleged violation of the confidentiality agreement against BCC.

(*Id.* at ¶ 86-88).  Finally, Gilreath has asserted a claim for alleged breach of fiduciary duties

against the Union, BCC, and the NLRB. (*Id.* at ¶ 103-106).

## I. Motion for Judgment on the Pleadings Standard

In determining a motion for judgment on the pleadings pursuant to Fed. R. Civ. P.

12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be

taken as true." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

"The motion is granted when no material issue of fact exists and the party making the motion is

entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Commn.*, 946

F.2d 1233, 1235 (6th Cir. 1991).  *See also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d

577, 582 (6th Cir. 2007).  Where a Rule 12(b)(6) defense of failure to state a claim upon which

relief may be granted is raised by a Rule 12(c) motion for judgment on the pleadings, the Court

must apply the standard for a Rule 12(b)(6) motion. *Fritz*, 592 F.3d at 722; *Morgan v.

Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Pleadings by a pro se litigant must be

liberally construed and "a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at

1949 (citing *Twombly*, 550 U.S. at 556).  While the Court must accept all well-pleaded factual

allegations as true, it need not "accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The complaint need not contain "detailed factual allegations," yet must provide "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor

does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual

enhancement." *Id.* at 557.  While the plaintiff need not plead specific facts, his statement must

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Erickson,* 551 U.S. at 93 (citations omitted).

## II. Defendant WMC's motion for judgment on the pleadings should be granted; plaintiff's motion to amend and supplement the complaint as it relates to defendant WMC should be denied.

Defendant WMC seeks judgment on the pleadings asserting that plaintiff's original

complaint alleges no causes of action against WMC. (Doc. 25 at 3, citing Complaint, ¶¶79-

102).  WMC contends that the allegations concerning the conduct of WMC do not relate to

plaintiff's causes of action against the other defendants and, in any event, fail to suggest a

plausible claim for relief against WMC.

4

In response to defendant's motion, plaintiff asserts that he inadvertently omitted WMC from Counts I through VII of the original complaint and that paragraph 69 of the original complaint alleges that WMC was joined with defendant Local 502 in his defamation claim. (Doc. 3, ¶69).  Plaintiff further alleges that subsequent to the filing of the original complaint, he discovered additional facts to support his claims against the defendants.  He now seeks leave to amend and supplement the complaint to clarify that he is bringing defamation and conspiracy claims against WMC.  Plaintiff asserts his proposed amended complaint cures the deficiencies in the original complaint and that defendant WMC's motion for judgment on the pleadings should be denied.

In response, defendant WMC asserts that even if an amendment of the original complaint is permitted, WMC is still entitled to judgment on the pleadings because the complaint as amended fails to state a claim for relief against WMC.

The facts relating to WMC in the proposed amended complaint are as follows:

–WMC was "associated with" conduct by Local 502 which included withholding plaintiff's Union membership card, denying plaintiff the opportunity for work, losing plaintiff's welding continuity forms, filing malicious internal Union charges against plaintiff, unlawfully expelling plaintiff from the Union, soliciting false and other salacious statements from Local 502 personnel and associates, violations of plaintiff's due process rights, and engaging in other conspiracies with the UA [United Association]. (Doc. 27, proposed amended complaint at ¶¶40-41).

–On July 21, 2009, plaintiff provided WMC with a note to extend benefit time. (Doc. 27, proposed amended complaint at ¶¶47-48).

–While at the WMC office, plaintiff observed a Local 502 employee enter the office, then immediately leave and return to the Local 502 office which was about 50 feet away. (Doc. 27, proposed amended complaint at ¶¶49-50).

–Plaintiff conversed with a WMC representative for 10 to 20 minutes. (Doc. 27, proposed amended complaint at ¶¶40-41).

5

−In a taped conversation, Kate Baker of WMC refuted information found in a letter plaintiff received from the Union's attorney barring plaintiff from Local 502 property. (Doc. 27, proposed amended complaint at ¶¶75-77).

−Plaintiff was denied copies of statements allegedly made by WMC and the Union during a hearing on charges filed against plaintiff by the Union. (Doc. 27, proposed amended complaint at ¶104).

−Plaintiff received a letter from the Union attorney, David Leightty, which referenced statements attributed to employees of WMC. (Doc. 27, proposed amended complaint at ¶105).

−Plaintiff's proposed amended complaint asserts two causes of action against WMC: one for defamation and one for civil conspiracy. (Doc. 27, proposed amended complaint, Counts VII, IX).

The Court finds that plaintiff's proposed amended complaint against WMC fails to state a claim for relief for defamation.  Under Ohio[2] law, "defamation occurs when a publication contains a false statement 'made with some degree of fault, reflecting injuriously on a person's reputation, or exposing a person to public hatred, contempt, ridicule, shame or disgrace, or affecting a person adversely in his or her trade, business or profession.'" *Jackson v. Columbus*, 117 Ohio St.3d 328, 331, 883 N.E.2d 1060, 1064 (2008) (quoting *A & B-Abell Elevator Co. v. Columbus/Cent. Ohio Bldg. & Const. Trades Council*, 73 Ohio St.3d 1, 7, 651 N.E.2d 1283, 1298 (1995)).  To state a claim for relief for defamation, plaintiff must allege facts showing: "(1) a false and defamatory statement, (2) about plaintiff, (3) published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) that was either defamatory *per se* or caused special harm to the plaintiff." *Woods v. Summertime Sweet*

---

[2]Since the parties have not raised the issue of a conflict between Ohio and Kentucky law, the Court will apply the law of the forum state, *i.e.*, Ohio.  *See Wilkes Assocs. v. Hollander Indus. Corp.*, 144 F. Supp.2d 944, 949 n. 4 (S.D. Ohio 2001) (citing *Echo Inc. v.. Whitson Co., Inc.*, 52 F.3d 702, 707 (7th Cir. 1995) ("Where neither party argues that the forum state's choice-of-law rules require the court to apply the substantive law of another state, the court should apply the forum state's substantive law.")).

*Treats, Inc.*, No. 08-MA-169, 2009 WL 3806179, at *4 (Ohio App. 7th Dist. Nov. 13, 2009)

(quoting *Gosden v. Louis*,  116 Ohio App.3d 195, 206, 687 N.E.2d 481, 488 (Ohio App. 9th

Dist. 1996)).  "The fourth element of 'fault' is determined by whether the alleged defamer

'acted reasonably in attempting to discover the truth or falsity or defamatory character of the

publication.'" *Konica Minolta Business Solutions, U.S.A., Inc. v. Allied Office Products, Inc.*,

__ F. Supp.2d __, 2010 WL 2760723, at *4 (S.D. Ohio July 13, 2010) (quoting *Franks v. Lima

News,* 109 Ohio App.3d 408, 412, 672 N.E.2d 245, 248 (Ohio App. 3rd Dist. 1996) (quoting

*Embers Supper Club v. Scripps-Howard Broadcasting Co.,* 9 Ohio St.3d 22, 25, 457 N.E.2d

1164, 1167 (1984)).

There are two types of defamation: defamation per se and defamation per quod.  A

publication that is defamatory on its face is considered defamation per se. *Gosden v. Louis*, 116

Ohio App.3d 195, 206, 687 N.E.2d 481, 488 (Ohio App. 9th Dist. 1996).  Defamation per se

includes the use of words which "import an indictable criminal offense involving moral

turpitude or infamous punishment, impute some loathsome or contagious disease that excludes

one from society or tend to injure one in one's trade or occupation." *McCartney v. Oblates of

St. Francis de Sales*, 80 Ohio App.3d 345, 353, 609 N.E.2d 216, 222 (Ohio App. 6th Dist.

1992) (citing *Schoedler v. Motometer Gauge & Equip. Co.*, 134 Ohio St. 78, 84, 15 N.E.2d

958, 960 (1938)).  Defamation per quod occurs when material is defamatory through

interpretation or innuendo. *Gosden*, 116 Ohio App.3d at 206, 687 N.E.2d at 488.  In an action

for defamation *per quod,* plaintiff must allege and prove damages. *McCartney*, 80 Ohio App.3d

at 353, 609 N.E.2d at 222.

Neither plaintiff's original nor proposed amended complaint identifies the statements

7

allegedly made by WMC that were defamatory.  Nor does the complaint allege that such

statements were false.  The proposed amended complaint also fails to identify how plaintiff

was injured by any statements made by WMC.  In his memorandum in support of his motion to

amend, plaintiff alleges that "the facts described in the Amended Complaint are well known to

the Defendants." (Doc. 50 at 6).  Even if this is true, the *complaint* must contain a short and

plain statement showing plaintiff is entitled to relief such that defendant WMC is given fair

notice of the factual basis for plaintiff's defamation claim. *Erickson,* 551 U.S. at 93.  Plaintiff

has not plead sufficient factual content to allow the Court to draw the reasonable inference that

WMC has defamed plaintiff.

Plaintiff also references an exhibit attached to his memorandum concerning

"[i]nformation of untrue statements as provided by WMC to and referenced by David Leightty,

as well as in the possession of the Local 502 Executive Board." (Doc. 50 at 6).  The attachment

purports to be a cover letter to plaintiff from Kate Baker, Administrator of WMC, along with

two notes from plaintiff's file which indicate that plaintiff in conversations with WMC

employees used profanity, was rude, and made threatening comments. (Doc. 50, attachments).

Again, plaintiff fails to identify the specific statements contained in these writings that he

considers defamatory and false, or how he was harmed by such statements.  *See Cunningham v.*

*UTI Integrated Logistics, Inc.*, No. 09-1019, 2010 WL 1558718, at *4 (S.D. Ill. April 19, 2010)

(use of profanity and racial slurs did not disparage plaintiff's skills as a warehouse employee,

but were critical of his personal integrity and not defamatory per se).  Neither defendant WMC

nor the Court should have to guess the basis for plaintiff's defamation claim.  Since plaintiff

has failed to plead sufficient factual content to make his defamation claim plausible, his motion

to amend the complaint to add a defamation claim against WMC would not survive a motion to dismiss and should be denied as futile. *See Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."). Accordingly, defendant WMC's motion for judgment on the pleadings on plaintiff's defamation claim should be granted.

Plaintiff's proposed amended complaint also fails to state a claim for relief for conspiracy against defendant WMC. Ohio law defines a civil conspiracy as a "malicious combination of two or more persons to injure another person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995). To state a claim for relief for a civil conspiracy, plaintiff must allege facts showing: (1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy. *Id.* "The malice involved in the tort is 'that state of mind under which a person does a wrongful act purposely, without a reasonable or lawful excuse, to the injury of another.'" *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (1998) (quoting *Pickle v. Swinehart*, 170 Ohio St. 441, 443, 166 N.E.2d 227, 229 (1960)). A civil conspiracy requires an underlying unlawful act independent of the conspiracy itself. *Williams*, 83 Ohio St.3d at 475, 700 N.E.2d at 868. To give rise to a cause of action for conspiracy the underlying unlawful action must constitute a tort. *See Great American Life Ins. Co. v. Thompson*, No. 1:04-cv-815, 2005 WL 1865389, at *11 (S.D. Ohio Aug. 4, 2005) (citations omitted). *See also Stiles v. Chrysler Motors Corp.*, 89 Ohio App.3d 256, 266, 624 N.E.2d 238, 244 (Ohio App. 6th Dist. 1993); *Crosby v. Beam*, 83 Ohio App.3d 501, 515, 615

9

N.E.2d 294, 303-304 (Ohio App. 6th Dist. 1992). "The conspiracy claim must be pled with some degree of specificity, and vague or conclusory allegations that are unsupported by material facts will not be sufficient to state a claim." *Avery v. Rossford, Ohio Transp. Improvement Dist.,* 145 Ohio App.3d 155, 165, 762 N.E.2d 388, 395 (Ohio App. 6th Dist. 2001).

Here, plaintiff's proposed amended complaint alleges that defendants have "conspired to cause harm," "have caused harm," and "continue to cause harm," to plaintiff, and that plaintiff "has been damaged." (Doc. 27, proposed amended complaint at ¶¶181-184). Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim for relief.

To satisfy the first element of his conspiracy claim against WMC, that of a malicious combination, plaintiff need not show "an express agreement between defendants," but must allege facts showing "a common understanding or design, even if tacit, to commit an unlawful act." *Gosden,* 116 Ohio App.3d at 219, 687 N.E.2d 481, 496. Plaintiff must show that WMC, the alleged co-conspirator, shared in the general conspiratorial objective of another defendant. *Aetna Casualty and Surety Co. v. Leahey Const. Co.,* 219 F.3d 519, 538 (6th Cir. 2000) (construing Ohio law). The focus of a civil conspiracy is "on whether the defendant *agreed to join in* the wrongful conduct." *Id.* (quoting *Halberstam v. Welch,* 705 F.2d 472, 478 (D.C. Cir. 1983) (emphasis in the original).

Here, plaintiff fails to allege any facts whatsoever indicating the existence of an agreement between WMC or its employees and the other defendants to achieve any common objective, or facts suggesting a common understanding or design to perpetrate an unlawful act.

10

Plaintiff's vague and conclusory allegation that WMC was "associated with" allegedly unlawful conduct by Local 502 (Doc. 27, proposed amended complaint at ¶¶40-41) does not meet this standard. This is the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that fails to suffice under *Iqbal*, 129 S.Ct. at 1949. Plaintiff fails to allege any particular facts showing WMC or its employees directly interacted with any of the other defendants to achieve an unlawful objective. Nor has plaintiff alleged facts from which the Court could reasonably infer that WMC knowingly cooperated in or agreed to join in any alleged wrongful activity by the other defendants. As such, plaintiff's complaint, as amended, would fail to state a claim for relief for a civil conspiracy under Ohio law. Accordingly, plaintiff's motion to amend the complaint to add a civil conspiracy claim against WMC should be denied, and defendant WMC's motion for judgment on the pleadings should be granted.

### IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Wilson-McShane Corporation's motion for judgment on the pleadings (Doc. 25) be GRANTED.

2. Plaintiff's motion for leave to amend pleadings (Doc. 27) as it relates to defendant Wilson-McShane Corporation be DENIED.

Date: 8/30/10

Timothy S. Hogan
United States Magistrate Judge

11

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY GILREATH,
     Plaintiff,

Case No. 1:09-cv-628

vs

Beckwith, J.
Hogan, M.J.

PLUMBERS, PIPEFITTERS, &
SERVICE TECHNICIANS LOCAL
502, et al.,
     Defendants

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

12

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br><br>X | ☑ Agent<br>☐ Addressee |
| 1. Article Addressed to:<br><br>Gregory Gilreath<br>4442 Leston Avenue<br>Huber Heights, Ohio 45424 | B. Received by (*Printed Name*) | C. Date of Delivery |
| | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☑ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. | |
| | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7002 3150 0000 8389 8701 | |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1: 09cv628 (Doc. 64)