# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

GREGORY GILREATH,  
      Plaintiff,

      vs

PLUMBERS, PIPEFITTERS, &  
SERVICE TECHNICIANS LOCAL  
502, et al.,  
      Defendants.

Case No. 1:09-cv-628

Beckwith, J.  
Hogan, M.J.

**REPORT AND RECOMMENDATION**

     Plaintiff Gregory Gilreath brings this pro se action against defendants Bechtel Construction Company (BCC), Plumber, Pipefitters & Services Technicians Local 502 (the Union), Wilson McShane Corporation (WMC), and the National Labor Relations Board (NLRB) alleging state and federal law claims based on incidents arising from plaintiff's former employment with Bechtel Construction Company and his membership in the Union. This matter is before the Court on plaintiff's motion for leave to amend pleadings, supplement the pleadings, and add a party to the pleadings (Doc. 27), defendant Plumber, Pipefitters & Services Technicians Local 502's memorandum in opposition (Doc. 33), and plaintiff's reply memorandum (Doc. 47); and on plaintiff's motion to strike certain matters contained in defendant Union's memorandum (Doc. 47), defendant Union's response to the motion to strike (Doc. 54), and plaintiff's reply memorandum in support of the motion to strike. (Doc. 55).

## I. Original Complaint

     Plaintiff's complaint[1] alleges the following: Plaintiff, Gregory Gilreath, is a former

---

[1]The allegations of the complaint are taken verbatim from the Report and Recommendation of February 1, 2010. (Doc. 41).

employee of BCC and a member of the Union. According to the complaint, Gilreath learned about misdeeds engaged in by employees of BCC and the Union. (Doc. 2 at ¶¶ 7, 8, 50). As a result, he filed charges against BCC and the Union with the National Labor Relations Board (NLRB), on January 3, 2009. (*Id.* at ¶ 10). Ultimately, these charges were resolved by means of a settlement brokered by a representative of the NLRB. (*Id.* at ¶ 11-15). Following the settlement, however, Gilreath claims that BCC and the Union resumed their allegedly unlawful practices. (*Id.* at ¶ 17). In addition, in April, 2009, Gilreath was asked to pay more than $700.00 in dues to the Union as a result of his settlement with BCC. (*Id.* at ¶ 18). Gilreath disputed this amount, accused BCC of violating the confidentiality provision of the settlement agreement, and alleged that the Union violated its fiduciary duties to him.

In the summer of 2009, Gilreath's relationship with the Union worsened. After suffering a physical injury, he contacted and visited Defendant, Wilson McShane Corporation (WMC), the third party administrator for the Union's health insurance and pension funds, to discuss his disability benefits. (*Id.* at ¶¶ 3, 20, 23, 24). Following this visit, Gilreath went next door to the Union office and allegedly became involved in a violent confrontation with some of the Union members. (*Id.* at ¶ 25-28). Due to this incident, Gilreath alleges that he was not permitted to pay his Union dues, was barred from returning to the Union hall, and that formal charges were brought against him for alleged violations of the Union's policies. He, therefore, filed another set of charges against the Union with the NLRB, alleging that he was unfairly prevented from obtaining evidence to prepare his defense against the internal charges initiated by the Union. (*Id.* at ¶¶ 33, 46-47, 49, 50, 53-54).

As a result of these events, Gilreath filed this civil action seeking monetary damages

2

and injunctive relief. He has asserted causes of action against the Union and BCC for breach of contract, a violation of 29 U.S.C. § 185, assault, defamation, and discrimination. In addition, Gilreath asserts a claim for an alleged violation of the confidentiality agreement against BCC. (*Id.* at ¶ 86-88). Finally, Gilreath has asserted a claim for alleged breach of fiduciary duties against the Union, BCC, and the NLRB. (*Id.* at ¶ 103-106).

## II.  Proposed Amended Complaint

Plaintiff seeks to amend and supplement his original complaint to add two new defendants: the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada and David Leightty, the attorney for the Local 502 union. The proposed amended complaint also adds six new causes of action against defendant Union: retaliation, violation of due process rights under 29 U.S.C. § 412, violations of the Labor-Management Reporting and Disclosure Act (LMRDA), unjust enrichment, civil conspiracy, and pecuniary corruption. (Doc. 27, proposed amended complaint, ¶¶157-161; 166-170, 171-174, 175-179, 180-186, 187-191). The proposed amended complaint recounts many of the same allegations contained in the original complaint.

## III.  The Report and Recommendations Involving the Other Defendants

In Report and Recommendations issued on August 30, 2010 and September 2, 2010, the undersigned recommended that plaintiff's original complaint be dismissed as to defendants Bechtel Construction Company, Wilson McShane Corporation, and the National Labor Relations Board, and that plaintiff's motion to amend and supplement the complaint be denied as to all claims against these defendants. *See* Docs. 63, 64, 66.

If these Recommendations are adopted by the District Court Judge, the original

3

complaint will remain pending against a single defendant: the Plumber, Pipefitters & Services Technicians Local 502, a Kentucky citizen.

If plaintiff's motion to amend and supplement the complaint is granted, the amended complaint would be against Local 502, a Kentucky citizen; the National Union, a Maryland citizen; and David Leightty, a Kentucky citizen.

Under either the original or amended complaint, the Southern District of Ohio would be the improper venue for this action.  Therefore, for the reasons that follow, the Court recommends that in the event the Report and Recommendations of August 30, 2010 and September 2, 2010 are adopted, in the interest of justice and for the convenience of the parties, this matter be transferred to the Western District of Kentucky for all further proceedings, including a ruling on plaintiff's motion for leave to amend pleadings, supplement the pleadings, and add a party to the pleadings (Doc. 27) and on plaintiff's motion to strike certain matters contained in defendant Union's memorandum. (Doc. 47).

## IV.  The Southern District of Ohio is the improper venue for the federal and state law claims in the original complaint.

As indicated above, if the Recommendations of the undersigned Magistrate Judge are adopted, the original complaint will remain pending against Local 502 only.  The remaining claims in the original complaint will include five state law claims for breach of contract, assault, defamation, discrimination, and breach of fiduciary duties (Doc. 3, Counts I, IV, V, VI, and VII) and one federal law claim for a violation of Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. (Doc. 3, Count II).  Venue for this matter lies in the

Western District of Kentucky, and not the Southern District of Ohio.[2]

Plaintiff is a citizen of Ohio residing in Huber Heights, Ohio. Defendant Plumber, Pipefitters & Services Technicians Local 502 is a union doing business in Louisville, Kentucky with it's office located in Louisville, Kentucky. (Doc. 3, ¶3; Doc. 33 at 10, n.6, Exh. E). The Union's geographic jurisdiction over its members does not extend into Ohio, but consists of counties in Kentucky and Indiana only. (Doc. 33, Exh. F). Plaintiff original complaint does not allege any facts showing that the Union has taken any action or has had a presence in the Southern District of Ohio.

Venue under the LMRA is governed by 29 U.S.C. § 185(c). The statute provides, "For the purposes of actions and proceedings by or against labor organization in the district courts of the United States, district courts shall be deemed to have jurisdiction of a labor organization (1) in the district in which such organization maintains its principal office, or (2) in any district in which its duly authorized officers or agents are engaged in representing or acting for employee members."29 U.S.C. 185(c). "In the statute, 29 U.S.C. § 185(c) is labeled 'jurisdiction,' while 29 U.S.C. § 185(a) is labeled 'venue.' However, courts agree that despite their labels, § 185(c) is in fact the venue provision while § 185(a) defines the bounds of jurisdiction." *McCuiston v. Hoffa*, 313 F. Supp.2d 710, 717 (E.D. Mich. 2004).[3]

---

[2]It appears plaintiff originally filed his case in the Southern District of Ohio because defendant NLRB had an office in Cincinnati, Ohio. (Doc. 47 at 6).

[3]Citing *Wooddell v. International Brotherhood of Elec. Workers*, 502 U.S. 93, 102 (1991); *White Motor Corp. v. International Union, United Auto., Aerospace and Agric. Implement Workers of America*, 491 F.2d 189, 191 (2nd Cir. 1974); *Barefoot v. International Brotherhood of Teamsters*, 424 F.2d 1001, 1003 (10th Cir. 1970); *Murphy v. Hotel & Rest. Employees & Bartenders International Union*, 102 F. Supp. 488, 492 (E.D. Mich. 1951); *Dixie Carriers, Inc. v. National Mar. Union of America, AFL-CIO*, 35 F.R.D. 365, n. 5 (S.D. Tex. 1964) ("The term 'jurisdiction' as used in the statute obviously means venue."). *See also Stevens v. Employer-Teamsters Joint Council*, 979 F.2d 444, 459 (6th Cir. 1992) (construing 29 U.S.C. § 185(c) as pertaining to venue as well as jurisdiction); *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 250 n. 6 (4th Cir. 1974) ("It has

In this case, venue for plaintiff's federal cause of action under the LMRA lies in the Western District of Kentucky, and not the Southern District of Ohio. The Union's principal place of business is in Louisville, Kentucky. Plaintiff has not alleged and there is nothing in the record before the Court showing that the Union's employees or representatives have represented or acted for Union employee members in the Southern District of Ohio. In fact, the Union presents evidence that its geographic jurisdiction lies in Kentucky and Indiana, but not Ohio. Under these circumstances, venue does not lie in the Southern District of Ohio for purposes of plaintiff's federal LMRA claim.[4]

## V. The Southern District of Ohio is the improper venue for the federal and state law claims in the complaint as amended.

If the Recommendations of the undersigned Magistrate Judge are adopted and plaintiff's motion to amend and supplement is granted, his federal law claim under the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. § 412, and state law claims will be against two Kentucky defendants and one Maryland defendant. Under the complaint as amended, the Southern District of Ohio is not the proper venue for resolution of plaintiff's claims against Local 502, the United Association, and David Leightty.

Plaintiff's sole federal law claim under the LMDRA in his proposed amended

---

been uniformly held that [29 U.S.C.] subsection (c) is a venue provision in spite of the use of the word 'jurisdiction.'"); *United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO, Local 102 v. Lee Rubber & Tire Corp.*, 394 F.2d 362, 364 (3rd Cir.), *cert. denied*, 393 U.S. 835 (1968); *Berrigan v. Greyhound Lines, Inc.*, 560 F. Supp. 165, 168 (D.C. Mass. 1982); *Franchino v. Valenti*, 347 F. Supp. 1020, 1022 (E.D.N.Y. 1972).

[4]The general venue statute governing civil suits not based solely upon diversity of citizenship, 28 U.S.C. § 1391(b), provides that a civil action "may except as otherwise provided by law" be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same State; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) any defendant may be found, if there is no district in which the claim may otherwise be brought. Since the LMRA has its own venue provision, the LMRA venue provision governs over the general venue statute for purposes of determining venue in this case.

6

complaint is brought against defendant Local 502 only. (Doc. 27, proposed amended complaint, Count V). The venue provision in the LMRDA states: "Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or where the principal office of such labor organization is located." 29 U.S.C. § 412.

Defendant Local 502's principal office is in Louisville, Kentucky. The alleged violations of plaintiff's rights by Local 502 occurred in Louisville, Kentucky. Plaintiff does not allege any actions by Local 502 in the Southern District of Ohio. "The Sixth Circuit has held that venue is improper unless the plaintiff makes an allegation that defendants have done something in the district in which the case is filed." *McCuiston*, 313 F. Supp.2d at 717-18 (citing *Lodge No. 42 of the International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers v. International Brotherhood of Boilermakers, Iron Shipbuilders, Blacksmiths, Forgers and Helpers*, 324 F.2d 201 (1963), *cert. denied*, 376 U.S. 913 (1964)). Indeed, plaintiff appears to recognized that his LMRDA claim should have been brought in the Western District of Kentucky. (Doc. 47 at 6). Accordingly, venue does not lie in the Southern District of Ohio, but rather in the Western District of Kentucky for purposes of plaintiff's federal LMRDA claim.[5]

---

[5]The Court notes that even if plaintiff's sole federal claim were dismissed and only plaintiff's state law causes of action remained, venue would not lie in the Southern District of Ohio. Section 1391(a) provides that civil suits based solely upon diversity of citizenship may be brought only in the judicial district where (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the claim occurred; or, (3) the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. Two of the defendants are residents of Kentucky and one is a resident of Maryland. The events giving rise to plaintiff's claims occurred in Louisville, Kentucky where the Union is located and not in any county located in the Southern District of Ohio. The Southern District of Ohio would not be the proper venue under section 1391(a).

**VI.  This matter should be transferred to the Western District of Kentucky if the Report and Recommendations of August 30, 2010 and September 2, 2010 are adopted.**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  If the Report and Recommendations of August 30, 2010 and September 2, 2010 are adopted, the Southern District of Ohio would be the improper venue for plaintiff's claims under either the original complaint or the complaint as amended.  In the interest of justice, the Court should transfer this action to the Western District of Kentucky for all further proceedings, including a ruling on plaintiff's motion for leave to amend pleadings, supplement the pleadings, and add a party to the pleadings (Doc. 27), and plaintiff's motion to strike certain matters contained in defendant Union's memorandum. (Doc. 47).

## IT IS THEREFORE RECOMMENDED:

1. In the event the Report and Recommendations of August 30, 2010 and September 2, 2010 are adopted, the Court should transfer this action to the Western District of Kentucky for all further proceedings, including a ruling on plaintiff's motion for leave to amend pleadings, supplement the pleadings, and add a party to the pleadings (Doc. 27), and plaintiff's motion to strike certain matters contained in defendant Union's memorandum. (Doc. 47).

Date: 9/2/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

GREGORY GILREATH,                      Case No. 1:09-cv-628
      Plaintiff,

                                          Beckwith, J.
     vs                         Hogan, M.J.

PLUMBERS, PIPEFITTERS, &
SERVICE TECHNICIANS LOCAL
502, et al.,
      Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9

| SENDER: *COMPLETE THIS SECTION* | | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | | A. Signature<br><br>X | ☑ Agent<br>☐ Addressee |
| | | B. Received by (*Printed Name*) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Gregory Filreath<br>4492 Leston Avenue<br>Huber Heights OH 45424 | | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D. | |
| | | 4. Restricted Delivery? (*Extra Fee*) | ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | | 7002 3150 0000 8389 8763 | |

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

1: 09 cv 628 (Doc. 67)