UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory Gilreath,  :  Case No. 1:09-cv-628
    Plaintiff,  :
vs.  :
Plumbers, Pipefitters & Service  :
Technicians Local 502, et al,  :
    Defendants.  :

**ORDER**

The Magistrate Judge has recommended that Plaintiff's claims against the Local 502 of the Plumbers, Pipefitters & Service Technicians Union be transferred to the Western District of Kentucky.  (Doc. 67)  He also recommended that this Court defer a ruling on Plaintiff's motion to amend his complaint, for disposition by the transferee court.  Plaintiff has objected to these recommendations.  (Doc. 82)

**FACTUAL BACKGROUND**

According to Plaintiff's complaint, Plaintiff worked for Bechtel Construction Company ("BCC") and was a member of Local 502 of the Plumbers, Pipefitters & Service Technicians Union.  He alleges that he discovered gross misconduct engaged in by employees of BCC and Local 502, and he filed charges against both entities with the National Labor Relations Board on January 3, 2009.  Those charges were eventually resolved by a settlement

between the parties.  Gilreath signed a settlement agreement resolving the claims against Local 502 on March 23, 2009.  (Doc. 3, Exhibit 2)

The following month, the Union asked him to pay over $700 in additional union dues, apparently due to the settlement he reached with BCC.  Gilreath refused to pay, complained that the amount of his settlement with BCC was confidential, and that disclosure of it to Local 502 voided his settlement agreement.  Gilreath also asked for copies of various materials relevant to ongoing disputes between Gilreath and Local 502.  (Doc. 3, Exhibit 4, April 18, 2009 letter from Gilreath to Local 502 Business Manager Roger Baum).

Gilreath was injured in a non-work related accident in late spring or early summer of 2009.  He went to the offices of Wilson-McShane Corporation ("WMC"), the third party administrator for the Union's welfare funds, on July 19, 2009 to inquire about his disability benefits.  Local 502's office was next door, and after he visited WMC he went to the Local's office, where he had some sort of confrontation with several Local 502 members.  As a result, Gilreath and Local 502 filed additional charges against each other with the NLRB on July 21, 2009.  (Doc. 3, Exhibits 5 and 6)  Gilreath accused Local 502 of unlawful retaliation, making threats of discharge, a failure to accept his dues, and bringing false claims against him, among other allegations.

Local 502 complained that Gilreath refused to pay the required dues.  In a July 24, 2009 letter to Gilreath, Local 502's attorney told him to stay off Local 502 union hall property because of the July 21, 2009 incident.  (Doc 3, Exhibit 7)

Gilreath filed his original complaint in this case on August 28, 2009, seeking damages and injunctive relief.  (Doc. 3)  His complaint includes a number of claims against Local 502, along with claims against Bechtel, Wilson-McShane, and the National Labor Relations Board.  Local 502 answered the complaint, raising defenses including improper venue.  (Doc. 14)  Gilreath then moved to amend his complaint to add claims against Local 502 and two additional parties: the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry ("UA"), Local 502's parent organization, and counsel for Local 502, David Leightty.  (Doc. 27)  Gilreath sought to add a federal claim under 29 U.S.C. §412, alleging a violation of his due process rights.  (Documents Gilreath has submitted indicate that Gilreath appealed adverse actions taken against him by Local 502 to the UA, and that the UA found in Gilreath's favor.)  Local 502 opposed the motion, arguing in part that proper venue for many of Gilreath's claims against Local 502 lies in Louisville, Kentucky.

The Magistrate Judge concluded that if the claims against the other Defendants were dismissed (as recommended in other Reports from the Magistrate Judge), Gilreath's remaining claims

against Local 502 should be transferred to the Western District of Kentucky. This is because Gilreath's original complaint asserts a claim under Section 301 of the LMRA, 29 U.S.C. §185, along with several state law claims. Local 502 submits evidence that its jurisdiction extends to counties in Kentucky and Indiana, but not in Ohio. Its principal place of business is in Louisville, Kentucky. The LMRA contains a specific venue provision, 29 U.S.C. §185(c), which states that actions against a labor organization shall be brought in the district court in which the organization maintains its principal office, or any district in which it represents or acts on behalf of its members.

    The Magistrate Judge also noted that the general federal venue statute applicable to Gilreath's complaint, 28 U.S.C. §1391(b), does not control when a statute under which a claim is brought contains a more specific provision. Section 1391(b) states that "except as otherwise provided by law," a civil action shall be brought where any defendant resides, if all defendants reside in the same state; or where a substantial part of the events giving rise to the claim occurred; or where any defendant is found if there is no other district. Section 185(c) is more specific, requiring an action to be filed in the district where a labor organization operates. Moreover, Gilreath's proposed amended complaint includes a claim under 29 U.S.C. §412. That statute also contains a separate venue provision, requiring an

-4-

action against a labor organization to be brought in the district "where the alleged violation occurred, or where the principal office of such labor organization is located." All of the events giving rise to Gilreath's claims against Local 502 occurred in Louisville, Kentucky, where Local 502's principal office is located. The Magistrate Judge also observed that even if Gilreath's federal claims were dismissed, his state common law claims against Local 502 (and the proposed additional defendants) are not properly brought in the Southern District of Ohio under the general venue provision of Section 1391, as none of these defendants reside or maintain a place of business here.

In his objections (Doc. 82), Gilreath engages in inflammatory rhetoric and accusations of unfairness exhibited by the Magistrate Judges of this Court, all of which this Court will not address. Gilreath asserts that the Magistrate Judge ignored Gilreath's own "convenience," and that a transfer of this case is somehow unfair. He notes that when he filed his complaint he lived in Huber Heights, Ohio, within this district, and suggests that should control the determination of venue. The statutes cited above do not permit a plaintiff's residence to control the determination of proper venue, as the statutes plainly provide.

In separate orders, the Court has dismissed the claims against all defendants save for Local 502. It is apparent that venue for Gilreath's claims against Local 502 is not proper in

this district.

## CONCLUSION

After de novo review of the record, and for all of the foregoing reasons, the Court adopts the Report and Recommendation of the Magistrate Judge.  (Doc. 67)  This case is hereby transferred to the Western District of Kentucky for all further proceedings, including for rulings on Plaintiff's motion to amend his complaint (Doc. 27), and Plaintiff's motion to strike.  (Doc. 47)

SO ORDERED.

THIS CASE IS CLOSED.

DATED: April 1, 2011          s/Sandra S. Beckwith
                              Sandra S. Beckwith
                              Senior United States District Judge